IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICODEMO DiPIETRO,                          :
                                            :
            Plaintiff                       :
                                            :
      vs.                                   :          CIVIL NO. 1:CV-15-1137
                                            :
THE DEPARTMENT OF                           :          (Judge Caldwell)
CORRECTIONS & ITS EMPLOYEES                 :
LISTED HEREIN, *et al.*,                     :
                                            :
            Defendants                      :

M E M O R A N D U M

I.   *Introduction*

            The pro se plaintiff, Nicodemo DiPietro, filed this civil-rights action.  He is

currently housed at the state correctional institution in Houtzdale, Pennsylvania.  Listed

as defendants are twenty-seven Department of Corrections (DOC) employees.  These

defendants work at Central Office, SCI-Fayette, SCI-Greene, SCI-Houtzdale, or SCI-

Rockview.[1]  The DOC Central Office employees named are: Director James Barnacle;

Daniel Burns; Michael Klopotoski; Robin Lewis; Daniel Mienert; Randle Perry; Shirley

Moore Smeal; Dorina Varner; Amanda West and DOC Secretary John Wetzel.  The

following defendants work at SCI-Rockview or SCI-Houtzdale: Superintendent Glunt; CO

Mundy; Jeffrey Rackovan; Deputy Tice; and Lt. Robert Vance.  The following defendants

are employed at SCI-Greene and SCI-Fayette: Debra Brumbage; Superintendent Brian

---

[1]    SCI-Fayette and SCI-Greene are located in the Western District of Pennsylvania.

Coleman; Superintendent Robert Gilmore; Lt. Grego; Rhonda House; Hearing Examiner Kerns-Barr; Major Leggett; Captain Mitchell; Tracey Shawley; Joseph Trempus; Albert Wood and Michael Zaken.

On August 24, 2015, the court granted DiPietro's request to proceed *in forma pauperis* and his motion to file an amended complaint.  (Doc. 11).  Due to DiPietro's failure to file an amended complaint, this matter is presently before the court for the required preliminary screening pursuant to 28 U.S.C. § 1915.  For the reasons that follow, DiPietro will be directed to file an amended pleading in this action only as to the Central Office, SCI-Houtzdale and SCI-Rockview defendants.  All claims related to the SCI-Greene and SCI-Fayette defendants will be dismissed pursuant to Fed. R. Civ. P. 20 without prejudice to DiPietro's right to file a civil-rights action in the United States District Court for the Western District of Pennsylvania.

II.   *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint.  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint.  *See* 28 U.S.C. § 1915A.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "accept all factual allegations contained in the Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."  *James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 - 57, 127 S.Ct. 1955, 1964-1966, 167 L.Ed.2d 929 (2007)).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.   *Background*

Plaintiff alleges as follows.[2]  On February 5, 2014, DiPietro, while housed at SCI-Fayette, was charged with extortion or blackmail, and the possession of contraband (cash).  On February 13, 2014, DiPietro was interviewed by Daniel Mienert, a member of the DOC's Office of Special Investigations (OSI).  Mienert sought to learn whether DiPietro knew of any "corrupt employees" at SCI-Fayette.  The next day DiPietro received an "emergency transfer" to SCI-Rockview with a promise that he would stay there if he provided Mienert information.

DiPietro then provided Mienert with information concerning Corrections Officer (CO) Woods (SCI-Fayette) who allegedly switched DiPietro's urine sample with another to implicate DiPietro with a "dirty urine."  (*Id.*, ECF p. 4).  Mienert allegedly threatened DiPietro at SCI-Rockview claiming if he did not exonerate CO Woods and implicate an innocent officer, he would "never leave the RHU and would be transferred to SCI-Greene".  (*Id.*)

DiPietro started writing letters in the hope of avoiding being sent to SCI-Greene, claiming he was to be separated from inmates who were known to be housed at SCI-Greene, inmates he was charged with assaulting in 2008.  Capt. Trempus from SCI-Fayette denied DiPietro's claim that he needed to be separated from inmates at SCI-Greene.

---

[2]   DiPietro's Complaint (Doc. 1) and supporting exhibits (Doc. 2) are over one-hundred pages.

DiPietro appealed this denial to SCI-Rockview's Superintendent (Steven Glunt) and Dorina Varner.  DiPietro wrote to Randle Perry, as he handles DOC transfers.  Randall told DiPietro to work with the security offices at SCI-Rockview and SCI-Fayette to resolve the issue.  DiPietro also wrote Grievance Coordinator Rackovan to avoid transfer to SCI-Greene.  (*Id.*, ECF p. 5).  In June 2014, DiPietro claims an inmate, transferred from SCI-Fayette to SCI-Rockview, told him that CO Woods told other inmates that Plaintiff was an informer, thus placing his life in jeopardy.  (*Id.*)  Plaintiff filed a grievance concerning that issue.  The denial of this grievance was affirmed at final review.  Plaintiff claims he was subjected to excessive cell searches while at SCI-Rockview.  (*Id.*, ECF p. 6).

On June 30, 2014, DiPietro was transferred to SCI-Greene in retaliation for "shining light on Fayettes security!."  (*Id.*, ECF p. 5).  Plaintiff's grievances concerning his transfer to SCI-Greene were denied.  In July 2014, DiPietro received an "other report" stating he is a danger to himself and others at SCI-Greene.  He claims he was placed under "investigation" for being an organized crime figure in retaliation for his interaction with Mienert.  In July 2014, he was issued a misconduct for lying in connection with his urine test.  (*Id.*, ECF p. 6).  He claims his Due Process rights were violated as the misconduct was untimely.  Hearing Examiner Kerns-Barr found him guilty of the retaliatory misconduct.  His misconduct appeals were all denied.  (*Id.*, ECF pp. 6 - 7).

In October 2014, while at SCI-Greene, Debra Brumbage, denied DiPietro access to his legal materials, thus interfering with his access to the courts.  (*Id*, ECF p. 7).

His grievance concerning access to his "legal box" was denied at final review.  DiPietro's requests for a transfer out of SCI-Greene were repeatedly denied.

In December 2014, DiPietro claims that Mienert threatened to "tell the Philadelphia branch of organized crime [he] was a rat and leak documents to put [his] life in danger" in order to gain his cooperation.  (*Id.*, ECF p. 9).  He filed various grievances and letters concerning Mienert's attempt to interrogate him.  In January 2015, DiPietro was arranged on charges of theft by deception, threats and criminal use of a communicate facility.  Mienert had coerced DiPietro's friend to lie about his activities inside the prison, including allegations that he had a gun and cell phone inside the facility.  (*Id.*)  He claims Mienert made good on his threats, labeling him a rat and placing his life in jeopardy.

In February 2015, DiPietro's attorney told him he would be transferred to SCI-Forrest.  DiPietro appealed this proposed transfer.  His efforts were fruitless.  (*Id.*, ECF p. 8).  At some point, DiPietro was transferred to SCI-Houtzdale, not SCI-Forrest.  (*Id.*)

DiPietro claims he was subjected to "excessive force in the form of retaliation, abuse of power, due process violations," interference with his access to the courts, breach of duty to protect him from Mienert's retaliatory actions of transferring him and labeling him a "rat" which place his life in jeopardy.  He also claims all of those who failed to respond favorably to his request slips, grievances and misconduct appeals

-6-

concerning Mienert's actions all violated his constitutional rights as they had a duty to stop Mienert's retaliation and to safeguard him while in prison.

IV.   *Discussion*

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).  Rule 8 is satisfied when the allegations of the complaint "enable[s] [the adverse party] to answer and prepare for trial."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  If a pro se complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant."  *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims.  Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  With respect to the permissive joinder of parties, Fed. R. Civ. P. 20(a)(2) allows persons to "be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

-7-

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).   However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in a single lawsuit.  *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007)(nonprecedential).

Plaintiff's Complaint names twenty-seven defendants and contains numerous unrelated claims concerning defendants who work at least at four correctional facilities in two different federal judicial districts.  While Plaintiff's tome narrates a series of events over a period of time, the events/complaints are distinct to the individual defendants or small groups of defendants who work at the same location.  The claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants.

DiPietro attempts to relate all claims set forth in the Complaint by alleging a joint retaliatory conspiracy by all defendants spearheaded by Mienert, but his conclusory allegations are insufficient for the purposes of Rules 8 and 20.  His conclusion of the existence of this conspiracy between defendants (including those located at several facilities) to violate his constitutional rights is based on their disagreeing with his portrayal of various individual events.  He does not suggest how any of the defendants, including Mienert, arranged to have him transferred to any facility while ignoring known or verified

threats to his safety or well being.  Clearly any such conclusions drawn by Plaintiff are without support and do not provide a basis for evading the requirements of Rule 20.

Accordingly, large portions of the Complaint, in its present form, will be dismissed *sua sponte* for failure to comply with Rule 20 as well as Rule 8.  DiPietro will be granted leave to file an amended complaint with respect to those defendants within this judicial district (i.e. Central Office, SCI-Houtzdale and SCI-Rockview defendants) that complies with Rules 8 and 20.  Any amendment shall contain only claims and defendants that are related and involved in the same transactions or occurrences and have a common legal and factual basis as required by Rule 20(a).

DiPietro is cautioned that his amended complaint must bear the same docket number and shall be complete in all respects.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the Complaint already filed.  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The amended complaint shall also be "simple, concise, and direct" as required by Fed. R. Civ. P. 8(a)(1).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  Fed. R. Civ. P. 8(d).  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  DiPietro must also specify the relief he seeks with regard to each claim.  Failure to timely file an amended complaint as directed may result in the dismissal of this action or the court

proceeding on the first discernable claim against defendants located within this judicial district.

An appropriate order follows.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date: April 5, 2016