IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICODEMO DiPIETRO, : | |
| : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-15-1137 |
| : | |
| THE DEPARTMENT OF : | (Judge Caldwell) |
| CORRECTIONS & ITS EMPLOYEES : | |
| LISTED HEREIN, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Nicodemo DiPietro, an inmate at the state correctional institution in Somerset, Pennsylvania, has filed a fourth motion for appointment of counsel and an emergency motion to stay his deposition pending his appointment of counsel. (Docs. 70 and 72). For the reasons that follow, both motions will be denied.

II.  *Discussion*

   A.  *DiPietro's Fourth Motion for Counsel*

The court has previously set forth the legal standard for evaluating a motion for the appointment of counsel filed by an inmate proceeding in forma pauperis. We relied upon that standard in denying DiPietro's previous requests for counsel. *See* Docs. 20 and 60. We therefore will assume the parties' familiarity with this standard and will not repeat it here.

For the most part, DiPietro recites the same reasons in support of counsel that we have already considered and rejected.  DiPietro claims that he is untrained in the law and has difficulty reading and writing without his prescription eyeglasses.  (Doc. 71).  He argues that Defendants have declined his offers for settlement and he "does not know [the] next stages of civil procedure and will be prejudiced" if not appointed counsel during "final stages" of this civil action.  (*Id.*)  A review of the docket in this matter reveals that DiPietro is not experiencing any difficulty preparing and filing documents with the court.  His uncorrected vision does not appear to be hampering his ability to file letters, motions and briefs on a regular basis.  More importantly, his filings are coherent and clearly express his desires and needs to the court.

With respect to his lack of knowledge of "what comes next" in his civil action, we have issued a scheduling order setting deadlines in early 2017 for the close of discovery and the filing of dispositive motions.  *See* Doc. 68.  Presently DiPietro stands in the shoes of every other pro se inmate litigant.  Any concern over his own inexperience as a litigant is unnecessary as his pro se pleadings are given a liberal construction by the court.  *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Additionally, even though proceeding *in forma pauperis*, DiPietro has not demonstrated that he lacks the capacity to retain pro bono counsel on his own behalf.  Moreover, we are not at the "final stages" of this action.  DiPietro can consult the Federal Rules of Civil Procedure to review what discovery tools are available to him and his obligations to participate in his deposition. At this juncture, DiPietro appears sufficiently knowledgeable

and equipped to understand and handle the litigation.  His fourth motion for counsel will be denied.

      B.    *DiPietro's Motion for Emergency Stay of his Deposition*

Plaintiff asks the court to stay his deposition pending the resolution of his fourth motion for appointment of counsel.  (Doc. 72).  Although DiPietro does not state when his deposition is scheduled, he claims he "will be greatly prejudiced by depositions without legal assistance.  Depositions probably involve complex legal issues unknown to plaintiff." (*Id.*)  Plaintiff's motion to stay his deposition on the basis of his motion for counsel is now moot.

We will issue an appropriate order.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge

Date: September 6, 2016