IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICODEMO DiPIETRO, : | |
| : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-15-1137 |
| : | |
| THE DEPARTMENT OF : | (Judge Caldwell) |
| CORRECTIONS & ITS EMPLOYEES : | |
| LISTED HEREIN, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

Presently we consider plaintiff, Nicodemo DiPietro's, three discovery-related motions: (1) a motion to order the Pennsylvania Department of Corrections (DOC) to release information (ECF No. 78); (2) a fifth motion for appointment of counsel (ECF No. 79); and a (3) motion to appoint a private investigator (ECF No. 80).  For the reasons that follow all three motions will be denied.

II.   *Discussion*

   A.   *Motion to Order the DOC to Release Information*

In his motion, Plaintiff requests that Defendants provide him with responses to three specific interrogatories.   We will construe this motion as a motion to compel. DiPietro seeks to learn: (1) since 1990, how many times has Dixie Wible, visited a DOC

inmate and how many visitor's lists does her name appear on; (2) the phone and e-mail records of all Defendants; and (3) the phone and e-mail records of former Attorney General Kathleen Kane. (ECF No. 78). He does not allege he has requested this information from the Defendants and that they have refused to respond to his discovery request. Absent a discovery dispute among the parties, the court does not generally involve itself in such matters. DiPietro must direct his discovery request to defense counsel prior to presenting a discovery issue or dispute to the court. Accordingly, his motion to compel as to the Defendants, is denied. To the extent DiPietro seeks information from a third party, he must follow the Federal Rules of Civil Procedure in obtaining discovery from such parties. He does not indicate what efforts he has undertaken to obtain information from former Attorney General Kane; thus his motion will be denied.

### B. *Plaintiff's Fifth Motion for Appointment of Counsel*

The court has previously set forth the legal standard for evaluating a motion for the appointment of counsel filed by an inmate proceeding in forma pauperis. We relied upon that standard in denying DiPietro's previous requests for counsel. *See* ECF Nos. 20 and 60. We therefore will assume the parties' familiarity with this standard and will not repeat it here.

DiPietro seeks the appointment of counsel for the purpose of collecting computerized information from Defendants and taking depositions. He claims his placement in the Restricted Housing Unit (RHU) prevents him from collecting evidence or conducting depositions. (ECF No. 79). Based on his filings since the initiation of this

action, DiPietro has established his ability to communicate in writing with the Court and defense counsel. While his placement in the RHU may impact various aspects of his prison life, it does not hamper his ability to conduct discovery in this matter. He does not suggest in his brief why he cannot conduct discovery from his RHU cell. If DiPietro seeks to depose individuals, provided he provides proper notice and can bear the associated costs, he will be permitted to do so under appropriate security measures as deemed necessary by prison officials. However, DiPietro, like all *pro se* litigants, will be required to bear the costs associated with his discovery efforts as "[t]here is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1999), *cert. denied*, 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994). DiPietro's fifth motion for the appointment of counsel will be denied.

    C.    *Motion to Appoint Private Investigator*

DiPietro seeks the appointment of an investigator to obtain evidence from the Defendants and former Attorney General Kane's computers and phones. (ECF No. 80). As noted above, pro se litigants bear the costs of their discovery efforts. *Tabron*, *supra*. His motion will be denied.

    We will issue an appropriate order.

                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge

Date: October 11, 2016