IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICODEMO DiPIETRO, : | |
| : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-15-1137 |
| : | |
| THE DEPARTMENT OF : | (Judge Caldwell) |
| CORRECTIONS & ITS EMPLOYEES : | |
| LISTED HEREIN, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

Presently before the court are several discovery and pre-trial motions filed by pro se plaintiff, Nicodemo DiPietro, an inmate at the state correctional institution in Somerset, Pennsylvania. DiPietro's motion concerning his potential trial witnesses will be denied as premature. (ECF No. 83). His discovery motion seeking unredacted and free copies of documents produced in discovery by Defendants will be denied. (ECF No. 84). His final discovery motion seeking a court-appointed stenographer and counsel for the purpose of taking Defendants' depositions will also be denied. (ECF No. 85). Defendants' motion to strike DiPietro's final discovery motion (ECF No. 86) will be granted in part.

II.   *Discussion*

   A.   *Motion for Trial Witnesses* (ECF No. 83).

   The Defendants filed an Answer to the Amended Complaint on August 17, 2016. (ECF No. 62). We then issued a scheduling order setting the close of discovery by February 23, 2017, and the filing of dispositive motions by March 26, 2017. (ECF No. 68). On October 13, 2016, Plaintiff filed a "Motion for Witnesses" naming thirty-one individuals he seeks to call at trial. (ECF No. 83). If it was DiPietro's intent to identify his potential trial witnesses for the Defendants and the court, he need not do so at this time. If it was DiPietro's intent to request subpoenas to secure the attendance of the listed individuals at his trial, his request is denied. After the deadline for filing dispositive motions, and our resolution of any such motion, Plaintiff may renew his request. Until then, DiPietro's motion concerning his potential trial witnesses will be denied.

   B.   *Motion for Discovery* (ECF No. 84).

   DiPietro's second motion seeks to compel Defendant to provide him with unredacted copies of documents produced in discovery. He also requests that Defendants provide him with free copies of those documents. As DiPietro does not identify any particular discovery request at issue, we cannot address his concern that Defendants' production of redacted discovery materials will thwart his ability to prepare for trial in this matter. Additionally, although DiPietro proceeds *in forma pauperis*, there "is no provision in the [*in forma pauperis*] statute for the payment by the government of

the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993). Accordingly, his "Motion for Discovery" will be denied.

      C.      *Motion to Appoint Stenographer to Depose All Defendants and Sixth Motion for Appointment of Counsel* (ECF No. 85).

DiPietro's final motion requests that the court provide him with a stenographer and counsel for the purpose of conducting depositions of the Defendants. Defendants have filed a motion to strike DiPietro's motion as it was not properly served upon them and mentions the details of his rejected settlement offer. (ECF Nos. 86 and 87). First, as noted above, DiPietro is responsible for paying all litigation expenses, including those associated with his discovery efforts, including depositions. *See Tabron, supra.* Thus, his request for a court-appointed stenographer will be denied. To the extent DiPietro seeks the appointment of counsel for the sole purpose of conducting Defendants' depositions on his behalf, the court will construe this as his sixth motion for appointment of counsel and deny it. Based on DiPietro's filings, and our previous orders addressing his prior requests for counsel, it is clear that he is capable of properly and forcefully prosecuting his claims. He suffers from no impediment that would prevent him from conducting adequate factual investigation of his claims or advancing his case without the assistance of counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d

Cir. 2002); *Tabron,* 6 F.3d at 155-57 (listing factors relevant to a request for counsel). Accordingly, DiPietro's sixth motion for counsel will be denied.

Defendants' motion to strike any reference to settlement discussions contained within this motion will be granted. *See* ECF No. 87. A court may strike from a pleading any "redundant, immaterial, impertinent or scandalous matter," Fed. R. Civ. P. 12(f), but motions to strike are disfavored. *Ciolli v. Iravani,* 625 F. Supp. 2d 276, 283 (E.D. Pa. 2009). Defendants argue Fed. R. Evid. 408 prohibits DiPietro's reference to any settlement discussions between the parties, including the terms of his failed settlement offer. Paragraph 3 of DiPietro's motion for a stenographer and counsel recites the details of his settlement offer that was rejected by Defendants. As DiPietro's referenced settlement discussions are not relevant in any way to the requested relief he seeks in his motion, we will direct the Clerk of Court to seal DiPietro's original motion, redact paragraph 3 from it, and then docket the redacted motion.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: November 15, 2016