IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICODEMO DiPIETRO, | : | |
| Plaintiff | : | |
| vs. | : | CIVIL NO. 1:CV-15-1137 |
| THE DEPARTMENT OF CORRECTIONS & ITS EMPLOYEES LISTED HEREIN, *et al.*, | : | (Judge Caldwell) |
| Defendants | : | |

*M E M O R A N D U M*

I. *Introduction*

Before the Court are a series of motions, often repetitive, filed by Plaintiff concerning discovery issues, the sealing of documents, the appointment of an investigator and counsel. DiPietro did not file a certificate of service in connection with his motions. Defendants did not respond to DiPietro's motions.

For the reasons that follow DiPietro's motions will be denied.

II. *Background*

Nicodemo DiPietro, an inmate presently housed at SCI-Somerset in Somerset, Pennsylvania, initiated this action on June 1, 2015. (ECF No. 1, Compl.) He filed an Amended Complaint on April 18, 2016. (ECF No. 16, Am. Compl.) DiPietro alleges that twelve Pennsylvania Department of Corrections (DOC) employees violated his First, Eighth and Fourteenth Amendment rights when they failed to protect him from the

retaliatory actions of DOC Special Investigations and Intelligence Officer (OSI) Daniel Meinert who placed his life, and that of his family, in danger by labeling him a snitch in an effort to coerce him into becoming an informant.[1]  (*Id.*)  In retaliation for his refusal to cooperate, and his filing of grievances complaining of OSI Meinert's actions, DiPietro was subjected to harassing cell searches and prison transfers.  (*Id.*)

III. *Discussion*

    A. *DiPietro's Failure to Comply with Federal and Local Rules of Procedure*

Federal Rule of Civil Procedure 5(d) requires that a certificate of service must be filed, along with a motion, "within a reasonable time after service."  Fed. R. Civ. P. 5(d)(1).  Pennsylvania Middle District Local Rule 4.2 also requires parties to file written proof of service of all motions.  Pa. M.D. LR 4.2.

DiPietro has failed to include written documentation suggesting he properly served defense counsel with any of the motions addressed herein.  Defendants have no obligation to respond to motions they were not properly served with.  On this basis alone, DiPietro's motions will be denied without prejudice to re-filing with a valid certificate of service.  Nonetheless, the Court will address the individual motions below.

---

[1] Aside from naming the DOC itself, DiPietro names the following individuals as Defendants: Secretary John Wetzel; Special Investigation and Intelligence Officer Daniel Meinert; James Barnacle; Randle Perry; SCI-Rockview Superintendent Steven Glunt; Deputy Tice; Jeffrey Rackovan; Shirley Moore Smeal; Dorina Varner; Amanda West; Robin Lewis; Robert Vance and Corrections Officer (CO) Mundy.

B.  *Plaintiff's Second Motion for a Court Appointed Investigator* (ECF No. 96)

Pro se litigants are required to bear the costs associated with their discovery efforts. "There is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1999).

DiPietro, in his second motion for a court-appointed investigator, seeks assistance in obtaining copies of news articles that were disseminated "nationwide" and prove OSI Meinert placed his life in danger by "defaming his character." (ECF No. 96). As Plaintiff was previously advised, in this civil-rights action he is responsible for his own discovery and associated costs. Additionally, it appears DiPietro's motion is moot as he now has a "P.I." (ECF No. 107, p. 2). Thus, DiPietro's second motion for an investigator will be denied.

C.  *DiPietro's Motions to Seal Dockets and Court Opinions* (ECF Nos. 97, 99, 101 and 107)

"[T]here is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, where these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). The movant

seeking to seal a judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp*, 260 F.3d 183, 194 (3d Cir. 2001). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Millhouse v. Ebbert,* 675 F. App'x 127 (3d Cir. 2017) (citing *In re Cendant Corp.*, 260 F.3d at 194).

In *Millhouse*, Plaintiff filed a one-page request to seal the district court's opinions in his civil-rights action where he alleged prison officials labeled him as a "snitch" and thus subjected him to inmate threats. (*Id.*) In denying the inmate's motion to seal, the court noted that the information he "sought to seal already had been publicly available for over two years." (*Id.*) The Third Circuit upheld the district court's denial of Millhouse's motion. The court held that the district court's opinions "merely repeated the allegations in Millhouse's own petition (which he did not seek to seal) that prison personnel had wrongfully" given him the reputation of being a snitch. (*Id.*)

DiPietro claims both he and his family's lives are in danger unless the requested opinions and proceedings are sealed. DiPietro's first and third motions to seal (ECF Nos. 97 and 107) seek to seal three Third Circuit opinions.[2] The citations provided by

---

[2] In ECF No. 107, DiPietro accuses OSI Meinert from giving Ms. Wible copies of his Third Circuit opinions which she then sent to inmates at facilities where DiPietro is housed placing his life in danger. In June 2015, DiPietro plead guilty to terroristic threats with intent to terrorize another. Ms. Wible was the victim in that case. He was sentenced to one year on probation and ordered to make $10,000 in restitution to Ms. Wible. *See Commonwealth v. DiPietro*, CP-26-CR-0000182-

(continued...)

-4-

DiPietro identifying the subject opinions reveal that they were not issued by the Third Circuit. *See* ECF No. 97, p. 2. Rather, the three opinions were issued in 2014 and 2015 by the United States District Court for the Eastern District of Pennsylvania in connection with his counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[3] *See DiPietro v. Gilmore*, 2:13-cv-06438 (E.D. Pa.)(ECF Nos. 19, 22 and 26). DiPietro sought to have the Eastern District court seal his habeas proceedings in exchange for withdrawing his petition. *DiPietro v. Gilmore*, 2:13-cv-06438 (E.D. Pa. Apr. 13, 2015)(ECF No. 22). The court denied this request but allowed him to continue with his habeas petition if desired. DiPietro elected to proceed with his petition. (*Id.*) As the opinions DiPietro seeks to seal were not issued by this Court, and have been in the public domain since 2014, and the issuing court denied his earlier motion to seal, his motion to seal (ECF No. 97) will be denied.

Plaintiff's second motion to seal (ECF No. 99) requests that this Court seal all opinions in this case, including those already published since June 2015. He claims his life "could be put in danger" because the Court's opinions "do not specify [Defendants] <u>falsely</u> labeled [Plaintiff] a rat . . . again mak[ing Plaintiff] look like a rat." (*Id.*, pp. 1-2) (emphasis in original). DiPietro does not identify any specific offending opinion(s). Initially, the Court

---

[2](...continued)
2015 (Fayette Cnty. Ct. Com. Pl.), docket sheet available at https://ujsportal.pacourts.us.

[3] On August 7, 2001, following a jury trial, DiPietro was found guilty of first-degree murder, firearms not to be carried without a license, attempted robbery of a motor vehicle and simple assault. He is serving a life sentence with a concurrent prison term of two and one-half to five years on the robbery count with no further penalty on the other counts. *DiPietro v. Gilmore*, 2:13-cv-06438 (E.D. Pa. Apr. 13, 2015)(ECF No. 22).

notes that when DiPietro elected to file this action he was acutely aware of his own safety concerns related to being labeled as a snitch (whether by the prosecution or OSI Meinert) demonstrated by his habeas proceedings. Yet, he initiated this action without expressing any security concerns or seeking the sealing of these proceedings at the start. Next, the Court's review of our issued opinions in this matter clearly rely on, and reference, DiPietro's Complaint (and documents attached to it) as well as his Amended Complaint when setting forth the background facts of this action. Central to Plaintiff's claims are allegations that OSI Meinert's has threatened to label him as an informant. At this stage of the litigation, the Court is required to take DiPietro's properly supported allegations as true. Our opinions simply reflect his allegations. This action does not address whether DiPietro is, or is not, an informant for the DOC or any other police agency, but the alleged retaliatory actions of Defendants and their inaction which DiPietro claims has placed his life in jeopardy.

DiPietro's final motion to seal (ECF No. 101) requests that the Court dismiss the Defendants' pending motion for judgment on the pleadings if they would agree to sealing his various state-court matters and these proceedings. Clearly if DiPietro's settlement overtures were denied by Defendants, the Court cannot force them to settle. Moreover, the terms of DiPietro's settlement, i.e. the sealing of these proceedings and those before other courts, are not within the Defendants' discretion to grant. Accordingly, DiPietro's motion to seal (ECF No. 101) will be denied.

D. *DiPietro's Motions to Compel / Discovery* (ECF Nos. 95, 98, 102 and 113).

In order to succeed on a motion to compel discovery, a party must first prove that they sought discovery from the opposing party. Fed. R. Civ. P. 37. Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party seeking discovery may request an order compelling an answer or production to a request if the responsive party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33 (interrogatories to parties) or fails to produce documents as requested under Fed. R. Civ. P. 34 (producing documents).

Each of DiPietro's motions to compel seeks more responsive answers to interrogatories, unredacted copies of discovery, or free copies of documents produced in response to his discovery requests. *See* ECF Nos. 95, 98, 102 and 113. Because DiPietro did not serve Defendants with copies of his motions to compel, the Defendants had no obligation to respond. Also it is difficult, if not impossible, to decide any pending motion to compel without knowing the specific discovery requests at issue, the responses/objections thereto, and the arguments raised by Plaintiff in moving to compel each discovery response he challenges. As such, DiPietro's motions to compel will be denied without prejudice to his filing a proper motion to compel which sets forth the required relevant information (identification of the discovery request in dispute; Defendants' response; and Plaintiff's objection to Defendants' response).

E. *DiPietro's Seventh through Tenth Motions for Counsel* (ECF Nos. 90, 94, 103 and 105)

The Court has previously set forth the legal standard for evaluating a motion for the appointment of counsel filed by an inmate proceeding *in forma pauperis.* We relied upon that standard in denying DiPietro's previous requests for counsel. *See* ECF Nos. 20, 60 and 88. We therefore will assume the parties' familiarity with this standard and will not repeat it here.

DiPietro's seventh motion for counsel is based on his need for a stenographer and attorney to depose the Defendants in this matter. (ECF No. 90). His eighth and ninth motions (ECF Nos. 94 and 103) are based on his discovery difficulties and his Sixth Amendment right to counsel. His final motion for counsel argues that the Court would not deny many of his motions if they were filed by counsel. (ECF No. 105).

As DiPietro was previously advised, this is a civil action, not a criminal one. Thus, he has no constitutional or statutory right to court appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Moreover, DiPietro has not suggested any change in his situation since the denial of his previous six motions for counsel that would suggest that he will be prejudiced if required to proceed *pro se* in this matter. To the extent he argues that he needs counsel to assist him in his discovery efforts, he fails to demonstrate any effort on his part to secure counsel when he states that he has a private investigator working on the allegations of his Amended Complaint. *See* ECF No. 107, p. 2. Accordingly, DiPietro's seventh through tenth motions for counsel will be denied.

F.  *DiPietro's Motions to Cease and Desist as to the Actions of OSI Meinert and Ms. Wible in Distributing Copies of his Legal Opinions to other Inmates.* (ECF Nos. 108, 112 and 115)

Inmate pro se pleadings which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. "To obtain a preliminary injunction the moving party must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . In addition, the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (internal alterations and citation omitted). "A movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Id.* at 179. "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* ("How strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." (quotations and citation omitted)).

Here, DiPietro surmises that OSI Meinert and Ms. Wible are engaged in a romantic relationship.[4] (ECF No. 108). Without any supporting information, DiPietro argues Ms. Wible (a non-defendant) is mailing copies of his court documents to inmates at different prison facilities. He claims OSI Meinert provided her with these documents. (ECF No. 108). He also claims that a family member has received information from five separate inmates housed at SCI-Fayette that they have "received [his] 3rd circuit decisions and responses from Randle (sic) Perry about separations from [his] enemies." (ECF No. 112). Again, Plaintliff asserts OSI Meinert supplied the documents to Ms. Wible who mailed them to inmates.

As Defendants were never served with these motions, they had no obligation to file a response. The Court cannot grant injunctive relief against a non-party such as Ms. Wible. Furthermore, DiPietro's allegations against OSI Meinert are wholly conclusory. All but one of the documents he claims were mailed to the other inmates consisted of documents available in the public domain for the past three years. With respect to Randall Perry's response to his 2014 request for a separation from three inmates, Plaintiff offers no proof that OSI Meinert had access to this document or improperly shared it with anyone. Accordingly, DiPietro has not carried his burden of proof to demonstrate he has a reasonable likelihood of success in demonstrating that OSI Meinert placed his life in danger

---

[4] He claims his private investigator has information to support this allegation. (ECF No. 107).

-10-

by improperly disseminating information to inmates.  Accordingly, his motions for preliminary injunctive relief will be denied.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 29, 2017