IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICODEMO DIPIETRO, | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION NO. 1:CV-15-1137 |
| THE DEPARTMENT OF CORRECTIONS & ITS EMPLOYEES LISTED HEREIN, *et al.*, | : | (Judge Caldwell) |
| Defendants | : | |

*M E M O R A N D U M*

I.   *Introduction*

Presently before the court is Plaintiff DiPietro's motion for reconsideration (ECF No. 122) of our October 16, 2017 Order addressing Defendants' motion for judgment on the pleadings. (ECF No. 121). DiPietro challenges our decision to dismiss Secretary Wetzel, Executive Deputy Secretary Moore Smeal, and Director Barnacle of the Office of Special Investigation and Intelligence. For the reasons that follow, DiPietro's motion will be denied.

II.   *Standard of Review*

The usual vehicle for a motion for reconsideration of a final judgment or order is either Federal Rule of Civil Procedure 59(e) or 60(b). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669

(3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677). However, neither Rule 59(e) or 60(b) applies where a party seeks reconsideration of "a district court order that resolves fewer than all the claims of all the parties in a single action because such orders do not constitute 'final decisions' per 28 U.S.C. § 1291." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005). Such orders are normally interlocutory. As such, a court may revise them "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x. 91, 95 (3d Cir. 2011) (nonprecedential) (quoting *Jerry*); *see also* Fed. R. Civ. P. 54(b). More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result." *Id.* (quoted case omitted).

III. *Discussion*

Initially, we note that DiPietro did not file a brief in support of his motion for reconsideration as required by M.D. Local Rule 7.5. Accordingly, the motion could be deemed withdrawn. Additionally, as DiPietro's motion identifies no newly

- 2 -

discovered evidence or manifest errors of facts within our non-dispositive order, and simply rehashes arguments presented in his brief in opposition to Defendants' motion for judgment on the pleadings, his motion for reconsideration will be denied.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: November 16, 2017